UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Lawrence Simmons, | Case No. 21-cv-948 (SRN/TNL) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| District Court, Dakota County; and Clerk of Appellate Courts, | |
| Defendants. | |

Over the past several months, plaintiff Scott Lawrence Simmons has initiated nineteen lawsuits in this District. Each of those actions has been substantively similar. Simmons names a court, judge, or other judicial officer as a defendant, and the complaint includes few or no factual allegations beyond the words "obstruction of justice" or (as in this case) "identification." Compl. at 3, 4 [ECF No. 1].

This matter is similar in many respects — Simmons has named the Dakota County District Court and Clerk of the Minnesota Appellate Courts as defendants, and the complaint is again exceedingly light on details regarding what Simmons believes to have occurred. Because Simmons has applied for *in forma pauperis* ("IFP") status, this action is subject to 28 U.S.C. § 1915(e)(2)(B), which permits a district court to dismiss an action when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). As has now been explained to Simmons repeatedly, a pleading must include enough information to put the defendants on notice of the claims raised against them. *See* Fed. R. Civ.

1

P. 8(a)(2). The cursory pleadings submitted by Simmons fail to do so. Simmons simply has not stated a viable claim for relief.

This action does, however, differ from most of the others submitted by Simmons to this point: Simmons has submitted as exhibits to his complaint documents from two state-court proceedings in Dakota County. This state-court litigation is presumably the reason that Simmons has brought this action against the Dakota County District Court. The first of those actions concerns Simmons's ongoing guardianship; it appears from the exhibits submitted by Simmons that he has petitioned the state courts for that guardianship to be terminated or modified. *See* ECF No. 1-1 at 4. The second of those actions concerns a criminal proceeding brought against Simmons on a misdemeanor charge of making a knowingly false emergency call. *Id*. at 6 (citing Minn. Stat.§ 609.78, subd. 1(4)). Through bringing this litigation, Simmons appears to be challenging the legality of those state-court proceedings. *See* Compl. at 3.

As explained above, Simmons simply has not stated a viable claim for relief, and it is recommended that this matter be dismissed on that basis. Even if Simmons had pleaded a viable claim, however, it is doubtful that this matter could go forward at this time. "The *Younger* abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Simmons's guardianship and criminal proceedings each appear to be ongoing; criminal proceedings (the subject of

*Younger* itself) and guardianship proceedings both implicate the kinds of interests particular to state sovereignty for which *Younger* counsels the abstention of the federal courts, *see Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (describing scope of *Younger* doctrine); *Disability Rights New York v. New York*, 916 F.3d 129 (2d Cir. 2019); and there is no reason to believe that Simmons cannot raise any relevant grounds for relief under federal law in those state-court proceedings.  Put another way: Simmons must argue first his case, whatever that case may be, in the state courts; he may not seek to enjoin or otherwise interfere with those state-court proceedings in federal court.

In any event, Simmons has failed to state a viable claim for relief, and it is therefore recommended that this matter be dismissed without prejudice pursuant to § 1915(e)(2)(B).

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Scott Lawrence Simmons [ECF No. 2] be **DENIED**.


Dated: May 3, 2021                             *s/ Tony N. Leung*
                                               Tony N. Leung
                                               United States Magistrate Judge
                                               District of Minnesota

                                               *Simmons v. District Court et al.*
                                               Case No. 21-cv-948 (SRN/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).